IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-193-BR

| | |
|---|---|
| MICHELE MILLER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    **ORDER and** |
| | )    **MEMORANDUM &** |
| ALLSCRIPTS HEALTHCARE, | )    **RECOMMENDATION** |
| JESSE TRIPP, SUZY HOLMES, | ) |
| VICKY SHEPARD, DEBORAH | ) |
| SNOW and ANGELA ATKINSON, | ) |
|    Defendants. | ) |

This pro se case is before the court on an application to proceed *in forma pauperis* filed by Plaintiff, Michele Miller, on April 25, 2016 [DE #1] and amended on May 16, 2016 [DE #4] and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable W. Earl Britt, Senior United States District Judge.

## DISCUSSION

### I.    IFP Application

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

II.    Frivolity Review

   A.    Standard of Review

Notwithstanding a plaintiff's eligibility to proceed *in forma pauperis*, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275

F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

Moreover, Rule 12 of the Federal Rules of Civil Procedure requires a court to dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). Jurisdiction exists only where a federal question is presented, 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The presumption is that a federal court lacks jurisdiction in a particular case unless the plaintiff demonstrates that subject matter jurisdiction exists. *Bowman*, 388 F.2d at 760.

B. **Employment Discrimination Claims**

In this case, Plaintiff seeks to sue her former employer, Allscripts Healthcare ("Allscripts"), and a number of individuals pursuant to Title VII of the Civil Rights

3

Act of 1964. Although not denominated as such, it appears Plaintiff also seeks to assert claims under the Age Discrimination in Employment Act ("ADEA").[1] According to documentation submitted in support of her complaint, Plaintiff previously filed a charge against Allscripts with the Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination and was issued a notice of right to sue on January 26, 2016. Plaintiff asserts she received the notice on February 5, 2016, within ninety days of the filing of this action.

Although not a model of clarity, Plaintiff's proposed complaint, construed liberally as it must be, raises discrimination claims against Allscripts that are potentially viable under Title VII and the ADEA. To the extent, however, Plaintiff seeks to assert a gender discrimination claim against Allscripts, the court is without subject matter jurisdiction over the claim. Plaintiff's filings demonstrate that her EEOC charge of discrimination alleged only race and age discrimination. As administrative exhaustion is a prerequisite to filing a Title VII gender discrimination claim, the court is without jurisdiction to consider this claim. *Davis v. N.C. Dep't of Correction*, 48 F.3d 134, 137 (4th Cir. 1995) ("Before a federal court may assume jurisdiction over a claim under Title VII . . . a claimant must exhaust the

---

[1] Plaintiff's proposed complaint alleges, for example, that Plaintiff was "terminated from her employment based, in whole or in part, upon her gender, age and/or race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981." (Ex. Proposed Compl. [DE #1-2] at 1.) Title VII provides no remedy for age discrimination. *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1369 (4th Cir. 1989). The undersigned, therefore, construes Plaintiff's age discrimination claim as having been brought under the ADEA.

4

administrative procedures enumerated in 42 U.S.C. § 2000e-5(b), which include an investigation of the complaint and a determination by the EEOC . . . ."); *Gray v. Walmart Stores, Inc.*, No. 7:10-CV-171-BR, 2011 WL 1831780, at *4 (E.D.N.C. May 12, 2011) ("Only those discrimination claims stated in the initial [EEOC] charge, those reasonably related to the initial charge, and those developed by reasonable investigation of the initial charge may be maintained in a subsequent civil action.").

Plaintiff has also asserted race and age discrimination claims against a number of individuals employed by Allscripts at the time of the alleged discrimination. Title VII and the ADEA provide for employer, not individual, liability. *Lissau v. S. Food Serv.*, 159 F.3d 177, 181 (4th Cir. 1998) (holding that supervisors have no individual liability under Title VII); *McNeal v. Montgomery Cnty., Md.*, 307 F. App'x 766, 775 n.6 (4th Cir. 2009) ("[O]nly an employer, and not an individual employee, may be held liable under the ADEA."). Consequently, there is no legal basis for Plaintiff's Title VII and ADEA claims against the individual defendants.

### C. Section 1981 Claims

Finally, Plaintiff purports to assert claims against both Allscripts and the individual defendants pursuant to 42 U.S.C. § 1981. Section 1981 forbids racial discrimination in the making and enforcement of contracts. As Plaintiff has not alleged any facts to support a finding that her ability to make or enforce contracts has been impaired by Defendants due to Plaintiff's race, she fails to state a claim for relief under § 1981. *See Iqbal*, 556 U.S. at 678 (conclusory statements insufficient to

5

state a claim). Accordingly, it is recommended that Plaintiff's § 1981 claims be dismissed as to all defendants.

## CONCLUSION

The court GRANTS Plaintiff's application to proceed *in forma pauperis* and determines that Plaintiff's race and age discrimination claims against Defendant Allscripts Healthcare survive frivolity review. The Clerk is DIRECTED to file the complaint and issue Plaintiff's summons to Defendant Allscripts Healthcare. The United States Marshal is DIRECTED to serve the summons and a copy of the complaint on said defendant.

It is further RECOMMENDED as follows:

1. That Plaintiff's 42 U.S.C. § 1981 claims be dismissed as to all defendants for failure to state a claim upon which relief can be granted;

2. That Plaintiff's Title VII and ADEA claims be dismissed against the individual defendants for lack of jurisdiction, as frivolous, or for failure to state a claim; and

3. That Plaintiff's Title VII gender discrimination claim be dismissed against Defendant Allscripts Healthcare for lack of subject matter jurisdiction.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **January 17, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the

Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 30th day of December 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge