IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CV-193-BR

MICHELE MILLER,
    Plaintiff,

v.                                  ORDER

ALLSCRIPTS HEALTHCARE,
    Defendant.

This matter is before the court on defendant's motion to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (DE # 27.) Although the Clerk notified plaintiff, who is now proceeding *pro se*, of her obligation to respond to the motion, (DE # 36), plaintiff has not filed any response to the motion, and the time within which to do so has expired.

By way of background, on 25 April 2016, plaintiff filed *pro se* an application to proceed without prepaying fees or costs along with her complaint. On 30 December 2016, U.S. Magistrate Judge Kimberly A. Swank granted plaintiff's application and reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). (DE # 5.) Subsequently, and without objection from plaintiff, the court adopted Judge Swank's recommendation and dismissed a number of plaintiff's claims and the individual defendants. (DE # 10.) Plaintiff's race and age discrimination claims under of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act against the corporate defendant remained.

Counsel then entered an appearance on behalf of plaintiff, (DE #17), and a scheduling order issued, (DE # 19). On 25 August 2017, defendant filed the instant motion to dismiss. Shortly before plaintiff's response to the motion was due, her counsel filed a motion to withdraw

on the ground that plaintiff's filing of bankruptcy prevented her from paying counsel's fees and costs under the terms of their agreement. (DE # 33.) The Clerk allowed the motion to withdraw and allowed plaintiff until 13 October 2017 to respond to defendant's motion to dismiss. (DE # 35.) As noted previously, the Clerk issued plaintiff notice of her obligation to respond to defendant's motion, yet plaintiff has failed to do so.

Defendant contends that plaintiff lacks standing to pursue her claims based on her having filed a bankruptcy petition after commencement of this action, and therefore her claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

> The party invoking the court's jurisdiction typically bears the burden of proving the existence of federal subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). The court's review of subject matter jurisdiction is generally based on the allegations in the complaint, taken as true, but the court may in certain circumstances resolve factual disputes. *See Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009) ("[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged. On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts. And when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous."). Here, because resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction does not turn on factual disputes, the Court will accept as true the factual allegations in the Complaint.

Labgold v. Regenhardt, 573 B.R. 645, 648-49 (E.D. Va. 2017) (alteration in original). The court also takes judicial notice of records filed in plaintiff's bankruptcy proceeding. See Wilson v. Dollar Gen. Corp., No. 4:11-CV-00024, 2012 WL 707068, at *4 (W.D. Va. Mar. 5, 2012), aff'd, 717 F.3d 337 (4th Cir. 2013) ("[I]n considering a motion pursuant to Rule 12(b), the Court may

2

take judicial notice of 'items in the public record.' Therefore, the Court may take judicial notice of records filed in bankruptcy proceedings." (citations omitted)).

> The filing of a bankruptcy petition creates a bankruptcy estate. The bankruptcy estate is comprised of a broad range of both tangible and intangible property interests. Such property interests include non-bankruptcy causes of action that arose out of events occurring prior to the filing of the bankruptcy petition. While the bankruptcy code is silent as to the debtor's capacity to maintain these non-bankruptcy causes of action, the bankruptcy trustee, as representative of the estate, generally "has capacity to sue and be sued."
>
> As a result, in the Chapter 7 bankruptcy context . . ., "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim."

Wilson v. Dollar Gen. Corp., 717 F.3d 337, 342 (4th Cir. 2013) (citations omitted).

Here, on 22 May 2017, plaintiff filed a voluntary petition in bankruptcy under Chapter 7. (Def.'s Mem., Ex. A, DE # 28-1.) At that time, she did not disclose to the bankruptcy court the existence of her claims pending in this court. (See id.) However, on 11 August 2017, she amended the appropriate forms and disclosed the claims and the action pending here. (Def.'s Mem., Ex. D, DE # 28-4.) Plaintiff's employment discrimination claims, which arose pre-petition, are now the property of the bankruptcy estate and, as such, can only be prosecuted by the bankruptcy trustee. Neither plaintiff nor the trustee himself, who has been aware of plaintiff's claims since at least August 2017 when she amended her bankruptcy filings, has sought substitution of the real party in interest. Under the circumstances, dismissal for lack of standing is appropriate. See Miller v. Pac. Shore Funding, 287 B.R. 47, 51-52 (D. Md. 2002), aff'd, 92 F. App'x 933 (4th Cir. 2004).

The motion to dismiss is ALLOWED, and this case is DISMISSED WITHOUT PREJUDICE. Defendant's motion to extend the dispositive motion deadline, (DE # 37), is DENIED as moot. The Clerk is DIRECTED to close this case and serve a copy of this order on

the bankruptcy trustee, Cecil M. Tipton, Jr., 606 Avenue A, Opelika, AL 36801.

This 20 December 2017.

_____
W. Earl Britt
Senior U.S. District Judge